The opinion of the Court was delivered by
Johnson, J.
There was no proof of an express warranty on. the part of the defendant, as to the soundness of the horse ; and the claim of the plaintiff to a recovery, arises out of the doctrine of implied warranty, established as law in this State, which is extended to all defects of the thing sold, whether known or unknown to the seller.[1] But I apprehend that every slight or temporary defect will not warrant the recision of the contract, or the recovery of the price paid; it- ought to be of that character which renders the thing sold permanently less valuable, either as to duration or extent: any other rule would tend to the utter destruction of all contracts, as there is scarcely any article of traffic which will not exhibit some mark or blemish which might escape the notice of a close observer.
The facts in this case prove that the. defect complained of, was, in its nature, temporary, and easily cured, and that, in fact, the horse was well in a few days, and there is no proof that any actual injury was sustained, unless it be that which arose out of the plaintiff’s own folly in selling the horse.
In all cases depending on facts, it is with the utmost caution I would interfere with the finding of a jury, but I think it is manifest, that in this case they have been governed more by the supposed equity of the ease, arising out of the defendant’s having purchased the horse at so low a price, than the strict rule of right; and I think they were also mistaken in adopting the value of the grey horse as the standard of their damages. The true standard was certainly the value. of the bay horse, which is proved to be less than the sum given for the grey.
Indeed the whole circumstances taken together, *were as wel J calculated to mislead a jury, intending to do justice to the parties, as any that could well exist. The defendant had got his own property again, and still retained a considerable sum, which he received from the plaintiff, which, upon first view, would seem to give the plaintiff a fair claim upon him, but when his right is tested by the rules of law, the unreasonableness of the claim is manifested. If the plaintiff gave in the first instance more than the horse was worth, or if he inconsiderately suffered him to be sacrificed by a sale 'at auction, it was his own folly, and I see no reason why the defendant was not as much at liberty to take the benefit of it as any other person ; and it does not belong to a Court or jury either to make contracts for the parties, or set aside those that are fairly made.
The motion in this case ought therefore to be granted.
ColcocK, B.ICHARDSON, Nott and Hugee, JJ., concurred.

 Gadsden v. Raysor, 9 Rich. 282; Stevens v. Chappell, 3 Strob. 83.